

FILED
2007 Mar-30 PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| KH OUTDOOR, L.L.C.; NASIR FAROOQI; FAROOQI ENTERPRISES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CV 04-B-2303-S |
| CITY OF VESTAVIA HILLS, ALABAMA, | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This case is presently pending before the court on Motion to Dismiss, (doc. 5),[1] and Motion to Dismiss Amended Complaint, (doc. 18), filed by defendant City of Vestavia Hills, Alabama [hereinafter "the City"]. Plaintiff KH Outdoor has sued the City, alleging that the City's Sign Ordinance[2] violates its First Amendment rights and its rights under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff filed an Amended Complaint

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] The court takes judicial notice of the terms of the City's Sign Ordinance. *See Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977)("A court may take judicial notice of facts of 'common knowledge' in ruling on a motion to dismiss. We hold that matters of public record such as state statutes, city charters, and city ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice."); *see also First English Evangelical Lutheran Church of Glendale v. Los Angeles County*, 482 U.S. 304, 328 n.6 (1987); *United States v. City of Miami*, 664 F.2d 435, 443 n.16 (5th Cir. 1981); Fed. R. Evid. 202.

adding Nasir Farooqi and Farooqi Enterprises as plaintiffs; Farooqi and Farooqi Enterprises also challenge the Sign Ordinance on First Amendment and Equal Protection grounds.[3] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 5), is due to be denied as moot and that defendant's Motion to Dismiss Amended Complaint, (doc. 18), is due to be granted in part and denied in part.

## I. MOTION TO DISMISS STANDARD

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46

---

[3]Defendant raised no new arguments in its Motion to Dismiss Amended Complaint and merely adopted the grounds set forth in its Motion to Dismiss. (*See* doc. 18.) The City did not move to dismiss the claims of Farooqi and Farooqi Enterprises. (*Id.*)

(1957). "A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

## II. DISCUSSION

### A. MOTION TO DISMISS (DOC. 5)

Defendant's Motion to Dismiss, (doc. 5), was filed on September 21, 2004; plaintiff filed an Amended Complaint on November 10, 2004.[4] The filing of the Amended Complaint renders moot defendant's Motion to Dismiss. *Estate of Rodriquez v. Drummond Co., Inc.*, 256 F. Supp. 2d 1250, 1254 (N.D. Ala. 2003); *see also DeSisto College, Inc. v. Line*, 888

---

[4]Nothing in the record indicates that plaintiff's Amended Complaint was filed with leave of the court as required by the Federal Rules. *See* Fed. R. Civ. P. 15(a). However, no objection to the Amended Complaint has been made.

3

F.2d 755, 757-58 (11th Cir. 1989). Therefore, defendant's Motion to Dismiss, (doc. 5), is due to be denied as moot.

## B. MOTION TO DISMISS AMENDED COMPLAINT (DOC. 18)

Defendant contends that KH Outdoors "lacks standing to sue." (Doc. 5 at 1.) Specifically, it contends (1) "[KH Outdoors] possesses standing only to challenge those portions of the City['s] . . . sign ordinances pertaining to off-premises advertising," (2) because the off-premises provisions are content neutral and narrowly tailored, KH Outdoor has "no injury in fact or other constitutional infirmity," and (3) KH Outdoors "has no standing to challenge the sign ordinance *ab initio*" because it "failed to comply with the permitting process." (*Id*. at 1-2.) The City also contends that the Complaint fails to a claim upon which relief can be granted. (*Id*. at 3.) KH Outdoor opposes the City's Motion to Dismiss Amended Complaint. (Doc. 19 at 1.)

### 1. STANDING TO FACIALLY CHALLENGE THE ENTIRE ORDINANCE

KH Outdoor contends that it has standing to challenge the City's entire sign ordinance using the overbreadth doctrine and that it is not required to establish that it has standing to challenge each provision of the sign ordinance it contends is unconstitutional. Standing has two components: "the irreducible constitutional minimum" requirements and "prudential" considerations. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The elements of constitutional standing are:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b)

actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision.

*Id*. at 560-61 (citations and internal quotations omitted). The three prudential standing requirements are:

First, the plaintiff's complaint must fall within the zone of interests protected by the statute or constitutional provision at issue. Second, when the asserted harm is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction. Third, the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.

*CAMP Legal Defense Fund*, 451 F.3d 1257, 1270 (11th Cir. 2006)(internal citations and quotations omitted).

In *CAMP Legal Defense Fund*, the Eleventh Circuit held, "The overbreadth doctrine does not relieve a plaintiff of the burden to prove constitutional standing, which requires that 'the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action.'" *Id*. (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). It held:

The overbreadth doctrine provides an exception to the ordinary prudential considerations of judicial administration, not an exception to the irreducible requirements of the Constitution. "Of course, Art. III's requirement remains: the plaintiff still must allege a distinct and palpable injury to himself." *Warth*, 422 U.S. at 501; *see* Erwin Chemerinsky, FEDERAL JURISDICTION § 2.1, at 44 ("[T]he Court has said that other justiciability doctrines are derived not from the Constitution, but instead from prudent judicial administration."); Michael C. Dorf, *Facial Challenges to State and Federal Statutes*, 46 STAN. L. REV. 235, 247 (1994)("Prudential considerations

5

> cannot, of course, trump constitutional ones."). The overbreadth doctrine, which is judicially created, cannot alter the requirements of standing, under Article III, because the Judiciary cannot abrogate the Constitution. *Gladstone v. Village of Bellwood*, 441 U.S. 91, 100 (1979); *Bischoff* [*v. Osceola County*], 222 F.3d [874,] 884 [(11th Cir. 2000)].
>
> "[E]ven under the more lenient requirements for standing applicable to First Amendment overbreadth challenges, it still remains the law that plaintiffs must establish that they have suffered some injury in fact as a result of the defendant's actions." *Bischoff*, 222 F.3d at 884. Constitutional standing is a "threshold question in *every* federal case" mandated by the Constitution, while prudential standing is "essentially [a] matter[ ] of judicial self-governance." *Warth*, 422 U.S. at 499-500 (emphasis added). "[N]either the counsels of prudence nor the policies implicit in the 'case or controversy' requirement should be mistaken for the rigorous Art. III requirements themselves." *Valley Forge Christian Coll.* [*v. Ams. United for Separation of Church and State*], 454 U.S. [464,] 475 [(1982)]; *see Harp Adver., Ill., Inc. v. Chi. Ridge*, 9 F.3d 1290, 1292 (7th Cir. 1993)(stating that application of the overbreadth doctrine "does not imply . . . that the requirement of standing to sue has been elided").

*Id.* at 1271 (emphasis in original).

The court finds, to survive the City's Motion to Dismiss its Amended Complaint, KH Outdoor's Amended Complaint must allege "injury resulting from the defendant's conduct." *Lujan*, 504 U.S. at 561.

**2. Standing to Challenge Specific Provisions**

KH Outdoor contends that it has standing "[a]s a company seeking to operate signs in the City." (Doc. 15 ¶ 12.) It also alleges that it "expended substantial time and effort investigating potential sign locations in the City," and that it has agreements with property owners to erect and operate signs. (*Id.* ¶¶ 16-17.) Based on these agreements, it 'submitted

6

completed sign application packages to the City." (*Id*. ¶ 20.) These applications were denied. (*Id*. ¶ 21.)

The Amended Complaint alleges a number of "constitutional flaws" in the City's Sign Ordinance. (Doc. 15 at 12-15.) Specifically, plaintiffs allege:

> 1. The Sign Ordinance unconstitutionally favors commercial speech over non-commercial speech "without serving any compelling governmental interests." (Doc. 15 ¶ 43; *see also id*. ¶ 35.)
>
> 2. The Sign Ordinance requires prior approval for posting signs and contains no time limits for City official's decision approving or denying a request. (*Id*. ¶¶ 36, 37.)
>
> 3. Judicial Review is "completely unavailable." (*Id*. ¶ 38.)
>
> 4. City officials have complete discretion to decide whether the grant or deny an application. (*Id*. ¶¶ 39, 40.)
>
> 5. "The Sign Ordinance restricts and prohibits far more speech than could ever be justified by legitimate governmental objectives." (*Id*. ¶ 42; *see also id*. ¶¶ 44, 46.)
>
> 6. The Sign Ordinance does not leave open other methods of communication. (*Id*. ¶ 45.)
>
> 7. The Sign Ordinance violates the Equal Protection Clause by favoring certain speakers over other speakers. (*Id*. ¶ 47.)

Based on these "constitutional flaws" in the Sign Ordinance, KH Outdoor raises claims for relief, pursuant to 42 U.S.C. § 1983, for violations of its free-speech rights under the First Amendment and its right to equal protection under the Fourteenth Amendment. There are two categories of claims in this case: (1) claims based on the application process and (2) content-based claims.

7

### 3. The Application Process

#### a. Time for Decision

Plaintiffs contend that the Sign Ordinance "fails . . . to circumscribe the time in which government officials must approve or deny requests for permission to [post signs]." (Doc. 15 ¶ 55.) The court finds KH Outdoor has standing to challenge the lack of time constraints due to its status as an applicant. *See CAMP Legal Defense Fund*, 451 F.3d at 1273. However, the court notes that, contrary to plaintiffs' assertions, the Sign Ordinance contains specific time limits for the initial decision of the Building Inspector, *see* Sign Ordinance, Sec. 13.1-37(c),[5] and for the decision of the Board of Zoning Adjustment on appeal, *see id.*, Sec. 13.1-127.[6] The court finds that the time allowed for decision making is reasonable. *See Cafe Erotica of Florida, Inc. v. St. Johns County*, 360 F.3d 1274, 1283 (11th Cir. 2004).

Therefore, the court finds that plaintiffs' Amended Complaint does not state a claim for relief based upon the ***absence*** of time limits for the decisions of City officials, and the court will dismiss such claims.

---

[5] "The failure of the building inspector to grant or deny a sign permit to the applicant within thirty (30) days of the application properly filed and permit fees paid, all in accordance with Section 13.1-35, shall be grounds for appeal to the board of zoning adjustment." Sign Ordinance, Sec. 13.1-37(c)

[6] "The board shall hear and decide appeals within thirty (30) days of the filing of the notice of appeal." Sign Ordinance, Sec. 13.1-127.

### b. Judicial Review is Unavailable

Plaintiffs allege that "judicial review [of the City's decisions to grant or deny permit applications] is completely unavailable." (Doc. 15 ¶ 38.) In Alabama, the right to judicial review of adverse decisions of a municipal Board of Zoning Adjustment is established by state statute, not municipal ordinance. *See* Ala. Code § 11-52-81. Section 11-52-81 of the Alabama Code provides:

> Any party aggrieved by any final judgment or decision of [a] board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court by filing with such board a written notice of appeal specifying the judgment or decision from which the appeal is taken. In case of such appeal such board shall cause a transcript of the proceedings in the action to be certified to the court to which the appeal is taken, and the action in such court shall be tried de novo.

*Id*.

The court notes that plaintiffs do not allege that KH Outdoor appealed the City's decision to deny its applications; therefore, it has no standing to challenge the alleged lack of judicial review for denial of appeal. KH Outdoor's claim based on a lack of judicial review is due to be dismissed based upon its lack of standing.

However, even if the court were to assume that KH Outdoor has standing, its claim based on the alleged lack of judicial review would be dismissed because such judicial review is provided by Alabama law. *See Café Erotica*, 360 F.3d at 1283-84.

9

### c. City Officials' Level of Discretion

Plaintiffs' allege, "City officials are granted virtually limitless discretion by the Sign Ordinance to decide whether permission will be granted or denied to post a sign. This discretionary power is not constrained by any enunciated standards or guidelines. Such discretion in government licensing of First Amendment activities is unconstitutional." (Doc. 15 ¶ 61.) "Where a plaintiff alleges that a statute grants unbridled discretion, a plaintiff need only be 'subject to' the provision to establish a constitutional injury." *CAMP*, 451 F.3d at 1275 (citing *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 755-56 (1988). Because KH Outdoor is in the business of off-premises signs, it is subject to the provision regarding the application process. Therefore, KH Outdoor has standing to challenge the alleged "limitless discretion" of City Officials to grant or deny a sign permit.

The Supreme Court has held that "a licensing statute placing unbridled discretion in the hands of a government official or agency constitutes a prior restraint and may result in censorship." *City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 757 (1988)(citations omitted). On the other hand, "Standards provide the guideposts that check the licensor and allow courts quickly and easily to determine whether the licensor is discriminating against disfavored speech. Without these guideposts, *post hoc* rationalizations by the licensing official and the use of shifting or illegitimate criteria are far too easy, making it difficult for courts to determine in any particular case whether the licensor is permitting favorable, and suppressing unfavorable, expression." *Id.* at 758 (citations omitted).

Therefore, "a facial challenge lies whenever a licensing law gives a government official or agency substantial power to discriminate based on the content or viewpoint of speech by suppressing disfavored speech or disliked speakers." *Id*. at 759.

In this case, the court notes that the Sign Ordinance does not grant City officials "limitless discretion" or substantial power to discriminate based on the applicant's message. Rather, the City's officials are constrained to grant or deny an application based on the requirements set forth in the Sign Ordinance. The Sign Ordinance states that the Building Inspector must issue a permit for a sign "when an application therefor has been properly made and the sign complies with all provisions of the Code." Sign Ordinance, Sec. 13.1-36 (a). On appeal, the Board of Adjustment is similarly constrained in situations where the applicant does not seek a variance from the provisions of the Sign Ordinance. *See* Sign Ordinance, 13.1-123(a). When the applicant seeks a variance from the terms of the Sign Ordinance, the Board's discretion is constrained by the enumerated conditions for granting a variance; if the conditions are met, the Board will grant the applicant a variance. *Id*. (b).

Therefore, the court finds that plaintiffs' Amended Complaint does not state a claim for relief based upon the alleged unbridled discretion of City Officials to grant or deny applications for sign permits. KH Outdoor's claims based on the alleged "limitless discretion" of City officials will be dismissed.

### 4. Content-Based Restrictions

Plaintiffs allege:

> The City's sign restrictions are also constitutionally invalid in that they regulate the content of noncommercial speech. The City chooses those topics it deems appropriate for public discourse. As such, these sections patently abridge the well-established constitutional rights of the citizens of the city and other would-be speakers. The regulations placed upon citizens by these sections are a fundamental part of the Sign Ordinance as a whole. Provisions such as these have been determined to be unconstitutional for over twenty years.

(Doc. 15 ¶ 65.) They also refer to a preference for commercial speech over noncommercial speech. In their Amended Complaint, plaintiffs state that certain signs are exempted from the Sign Ordinance, while other types of signs are banned. Plaintiffs claim these distinctions are based on consideration of the content of the message.

To the extent KH Outdoor seeks to state a claim based on the constitutionality of those parts of the Sign Ordinance regulating on-premises signs, such claims are due to be dismissed. KH Outdoor sought only to erect off-premises signs. Therefore, it can have no injury – and, thus, no standing – based on regulations effecting only on-premises signs. *CAMP Legal Defense Fund*, 451 F.3d at 1273.

As to its remaining claims, the court finds KH Outdoor has standing to challenge those portions of the Sign Ordinance that it contends regulate the content of off-premises signs, favor commercial over non-commercial messages on off-premises signs,[7] and exempt from

---

[7]The Eleventh Circuit has held that non-commercial speech is inherently on-premises. *See Southlake Property Associates, Ltd. v. City of Morrow, Georgia*, 112 F.3d 1114, 1117-18

---

(11th Cir. 1997). The court held:

> Our task then is to determine whether the ordinance *on its face* prohibits offsite noncommercial advertising signs, as Southlake contends. We conclude that it does not.
>
> The ordinance permits onsite, but prohibits *offsite* advertising signs. This onsite-offsite distinction is reasonably clear and straightforward in the commercial speech context. The site of a commercial activity can usually be recognized without difficulty. Whether a sign bearing a commercial message is offsite, therefore, is readily ascertainable. Such signs are prohibited. This the Constitution allows.
>
> Locating the site of noncommercial speech, however, is fraught with ambiguity. The ordinance prohibits signs which seek to attract attention to any person, place, subject, or thing *not* located on the premises where the person, place, subject, or thing is found. Noncommercial speech usually expresses an idea, an aim, an aspiration, a purpose, or a viewpoint. Where is such an idea located? What is the site upon which the aspiration is found?
>
> In interpreting similar ordinances, many courts have assumed that the address of identifiable groups or associations formed around an idea, aim, philosophy or viewpoint defines the location of the idea. . . .
>
> Under this view, the site of noncommercial speech, like commercial speech, is wherever some organized activity associated with the idea espoused is located or found. The expression of an idea anywhere other than at the site of an activity dedicated to that idea is "offsite." If an ordinance prohibits offsite signs, all noncommercial messages located on signs, other than those located at the site of the activity they espouse, are banned.
>
> There is, however, no logical reason to interpret the ordinance as locating the expression of ideas, aspirations, and beliefs in this way. An idea, unlike a product, may be viewed as located wherever the idea is expressed, *i.e.*, wherever the speaker is located. Under this alternative view, all noncommercial speech is onsite. A sign bearing a noncommercial message is onsite wherever the speaker places it.

regulation or ban completely certain off-premises signs based upon their content.  Moreover, the court finds that KH Outdoor has sufficiently alleged violations of its First Amendment and Fourteenth Amendment rights based upon these regulations.  *See KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268-71 (11th Cir. 2006)(citing, *inter alia*, *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490 (1981); *Café Erotica of Fla., Inc. v. St. Johns County*, 360 F.3d 1274, 1290 (11th Cir. 2004)).

Therefore, the court finds that defendant's Motion to Dismiss Amended Complaint as to these claims is due to be denied.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that KH Outdoor's lacks standing to challenge the provisions of the Sign Ordinance effecting only on-premises signs and concerning the alleged lack of judicial review.  The court also finds that the Amended Complaint fails to state a claim for relief based upon the timing of the application process and the alleged "limitless discretion" of the City Officials.  As to these claims, defendant's Motion to Dismiss Amended Complaint, (doc. 18), will be granted and such claims will be dismissed.  The City's Motion to Dismiss Amended Complaint, (doc. 18), will be denied as to the remaining claims of KH Outdoor.  The City's Motion to Dismiss, (doc. 5), will be denied as moot.

---

(*Id*. [emphasis added; internal citations and footnotes omitted].)

14

**DONE**, this the 30th day of March, 2007.

                                                         */s/ Sharon Lovelace Blackburn*
                                                         SHARON LOVELACE BLACKBURN
                                                         CHIEF UNITED STATES DISTRICT JUDGE