UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KH OUTDOOR, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CV 04-B-2303-S |
| | ) |
| CITY OF VESTAVIA HILLS, ALABAMA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion for Summary Judgment, (doc. 71),[1] and plaintiff's Motion for Partial Summary Judgment, (doc. 74). Plaintiff KH Outdoor has sued the City, alleging that the City's Sign Ordinance violates its First Amendment rights and its rights under the Equal Protection Clause of the Fourteenth Amendment. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment, (doc. 71), is due to be granted and that plaintiff's Motion for Partial Summary Judgment, (doc. 74), is due to be denied.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in its favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every ***reasonable*** inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. STATEMENT OF FACTS

Plaintiff's business purpose is the development and leasing of outdoor advertising signs on commercial or industrial properties for a profit. (Doc. 73, Ex. 5 at 10, 34.) It does not own any property in the City.

On December 18, 2003, KH Outdoor submitted eight Sign Permit Applications to the City, seeking to erect 672 square foot billboards[2] at eight different locations along Montgomery Highway (Highway 31). (Doc. 73, Ex. 3.) All of the applications were for "third party" advertising signs, billboards erected on property that plaintiff did not own for the purpose of selling the space to a paying client. (*Id*.; doc. 73, Ex. 5 at 105-06.) The eight applications sought to line Highway 31 within two mileposts – five applications sought to erect billboards within milepost 266 and three applications sought to erect billboards within milepost 267. (Doc. 73, Ex. 3.)

Plaintiff's permits were denied by defendant in a letter, dated January 7, 2004, which stated:

> The permit applications submitted for [Montgomery Highway area] in Vestavia Hills, Alabama were denied due to non-compliance with the City Sign Ordinance Number 869, Section 3.3(A)3 requires billboard signs to be contiguous to the interstate right-of-way. None of the signs proposed were contiguous, therefore, they were denied.

---

[2]"A standard billboard measures 14' by 48', or 672 square feet . . . ." *Norton Outdoor Advertising, Inc. v. Pierce Township*, No. 1:05cv401, 2007 WL 1577747, *2 (S.D. Ohio May 30, 2007)

3

(Doc. 73, Ex. 4.)

Section 3.3(A) of the Ordinance states:

OFF-PREMISE SIGNS PERMITTED B-3 ONLY

Anything contained herein to the contrary notwithstanding, the following provisions shall apply to property zoned as a B-3 classification. In addition to all other requirements within this Ordinance Number 869 and within the zoning ordinance of the City of Vestavia Hills, Alabama, off-premises signs must comply with the following guidelines and restrictions.

. . .

3. LOCATION

(a) All off-premise advertising sign(s) must be located within a B-3 zoning district contiguous to the interstate right-of-way.

Ordinance 869, § 3.3(A)3(a). The Ordinance defines "Off-Premise Sign" as "a third party sign. It is a sign that advertises goods, products, services or facilities, or directs persons to a different location from where the sign is installed." *Id*. § 1.1.

### III. DISCUSSION

Plaintiff's remaining claims in this action challenge those portions of defendant's Sign Ordinance that allegedly regulate the content of off-premises signs, favor commercial over non-commercial messages on off-premises signs, and exempt from regulation or completely ban certain off-premises signs based on their content. (*See* doc. 64 at 12-14.) Defendant contends that plaintiff's claims are due to be dismissed "because [§ 3.3(A)] is content neutral and does not censor or suppress any particular viewpoint, nor does it favor commercial over non-commercial speech, while it furthers a legitimate governmental interest. Furthermore,

the ordinance was not unconstitutionally applied to the Plaintiff." (Doc. 71 at 2-3.) Defendant also alleges that plaintiff does not have standing to challenge "those parts of the Sign Ordinance regulating on-premises signs or noncommercial speech." (*Id*. at 3.) Plaintiff argues:

> The Sign Ordinance is unconstitutional. The Ordinance defines, restricts, and prohibits signs based upon the content of the message displayed. The City's use of content to define and restrict signs results in commercial speech being favored over noncommercial speech. The Sign Ordinance also vests virtually unlimited discretion in government officials to allow or deny signs by failing to include required procedural safeguards and failing to provide narrow, objective standards to constrain official decision-making.[3] Additionally, the Ordinance impermissibly restricts commercial speech in violation of the *Central Hudson* test.[4] Finally, the Sign Ordinance violates the Equal Protection clause by favoring the messages of certain groups over others.

(Doc. 75 at 7-8 [footnotes added].)

---

[3]The court dismissed plaintiff's claims relating to lack of procedural safeguards and officials' discretion. (*See* doc. 64 at 8-11; doc. 65.) Therefore, those claims are not before the court.

[4]The *Central Hudson* test is a four-part test used to analyze regulation that restricts commercial speech. *Central Hudson Gas & Electric Corp. v. Public Service Commission*, 447 U.S. 557, 566 (1980).

> The first step [of the *Central Hudson* test] states that commercial speech is protected only if that speech concerns lawful activity and is not misleading. A restriction on otherwise protected commercial speech is valid only if it (2) seeks to implement a substantial governmental interest, (3) directly advances that interest, and (4) reaches no further than necessary to accomplish the given objective.

*Tinsley Media, LLC v. Pickens County*, No. 05-12324, 203 Fed. Appx. 268, 272-73, 2006 WL 2917561, *4 (11th Cir. Oct. 12, 2006)(quoting *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 507(1981).

Section 3.3(A), which limits off-premise signs to areas along Interstate highways does not regulate non-commercial speech. By its terms, the regulation is limited to third-party signs,[5] signs erected by someone other than the property owner or the speaker of the message, that advertise a commercial product or service located somewhere other than the location of the sign. Such regulations have often been held to regulate only commercial speech. *See Bill Salter Advertising, Inc. v. City of Brewton*, 486 F. Supp. 2d 1314, 1331-32 (S.D. Ala. 2007)(quoting *Coral Springs Street Systems v. City of Sunrise*, 371 F.3d 1320, 1334 (11th Cir. 2004)("According to the law of this Circuit, noncommercial messages are by definition onsite signs and therefore certainly not treated unfavorably compared with commercial signs."); *Southlake Property Associates, Ltd. v. City of Morrow*, 112 F.3d 1114, 1119 (11th Cir. 1997)("The definition of billboard as an offsite advertising sign does not include noncommercial speech as such speech is always onsite."); citing *Lockridge v. City of Oldsmar*, 475 F. Supp. 2d 1240, 1254 (M.D. Fla. 2007); *Action Outdoor Advertising JV, L.L.C. v. Town of Shalimar*, 377 F. Supp. 2d 1178, 1193 (N.D. Fla. 2005)). "Simply put, 'Eleventh Circuit precedent is clear that all noncommercial speech is onsite in nature and

---

[5]Plaintiff contends the term "third party sign," as used to define an off-premise sign, is ambiguous. The court disagrees. Clearly a third-party sign is a sign that is neither on property owned by plaintiff nor intended to contain plaintiff's message. *See* BLACK'S LAW DICTIONARY, *Third party* (8th ed.)(defining "third party" as "someone other than the principal parties," which in this case would be the owner of the property and the speaker of the message). The court notes that the Supreme Court has suggested that a municipality may regulate signs displayed for a fee. *See City of Ladue v. Gilleo*, 512 U.S. 43, 59 (1994).

thus the prohibition against billboards does not implicate noncommercial signs.'" *Id.* at 1331(quoting *Town of Shalimar*, 377 F. Supp. 2d at 1195).[6]

Therefore, the court will analyze the constitutionality of § 3.3(A) pursuant to the *Central Hudson* test for regulation of commercial speech:

> The first step states that commercial speech is protected only if that speech concerns lawful activity and is not misleading. A restriction on otherwise protected commercial speech is valid only if it (2) seeks to implement a substantial governmental interest, (3) directly advances that interest, and (4) reaches no further than necessary to accomplish the given objective.

*Tinsley Media,* 203 Fed. Appx. at 272-73.

For purposes of deciding the parties' Motions for Summary Judgment, the court assumes that plaintiff intended to erect signs to carry messages that concerned lawful activity and were not misleading.[7]

> While signs are a form of expression protected by the Free Speech Clause, they pose distinctive problems that are subject to municipalities' police powers. Unlike oral speech, signs take up space and may obstruct views,

---

[6]The court notes that "commercial speech" is "expression related solely to the economic interests of the ***speaker*** and its audience." *Central Hudson*, 447 U.S. at 561 (emphasis added). Plaintiff's only expression at issue in this case is the erection of billboards. The evidence shows that plaintiff did not intend to display its own messages; rather it is in the business of leasing space on billboards to display other people's message – commercial and non-commercial – for profit. (Doc. 73, Ex. 5 at 105-06.) Although the court can find no other case discussing the "expression" of a billboard company as separate from the expression of its customers, the court notes that plaintiff's "expression" – erecting the billboard on land it does not own for the purpose of renting the space for other people's messages –  is related solely to economic interest and, therefore, commercial speech, regardless of the message ultimately displayed on the billboard.

[7]The court notes that plaintiff's applications did not contain the intended message for each sign.

> distract motorists, displace alternative uses for land, and pose other problems that legitimately call for regulation.

*City of Ladue v. Gilleo*, 512 U.S. 43, 48 (1994). Defendant's stated interests in regulating signs include "the need to protect the safety and welfare of the public," and "the need for well maintained & attractive appearance in the community." (Doc. 73, Ex. 2 at 15.) Aesthetics and public safety are well-recognized as legitimate government interests. *See Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 507-08 (1981)(plurality opinion). Also, "the prohibition of offsite advertising is directly related to the stated objectives of traffic safety and esthetics." *Id*. at 511. By limiting third-party billboards to areas along the interstate highway, the court finds that defendant's "goes 'no further than necessary' to fulfill the goals of traffic safety and aesthetics." *Granite State Outdoor Advertising, Inc. v. Cobb County*, No. 05-11100, 193 Fed. Appx. 900, 905, 2006 WL 2373528, *4 (11th Cir. Aug. 17, 2006)(quoting *Metromedia*, 453 U.S. at 508).

Based on the foregoing, the court finds that § 3.3(A) is a constitutional limitation on commercial speech.[8] Therefore, plaintiff's claims to the contrary are due to be dismissed.

Next, before addressing the merits of plaintiff's remaining claims, the court turns to the issue of its standing. "Standing . . . 'is a threshold jurisdictional question which must be

---

[8]The court finds that this case is distinguishable from *K.H. Outdoors v. City of Trussville*, 458 F.3d 1261 (11th Cir. 2006.) The City of Trussville's Sign Ordinance specifically prohibited all signs that were not authorized by the Ordinance; this prohibition had the result of restricting non-commercial messages in place and manner that commercial messages were not restricted. (*Id*. at 1270-71.) The Ordinance at issue in this case does not contain such a prohibition.

addressed prior to and independent of the merits of a party's claims.'" *AT&T Mobility, LLC v. National Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359-60 (11th Cir. 2007)(quoting *Dillard v. Baldwin County Comm'rs*, 225 F.3d 1271, 1275 (11th Cir. 2000)).

Standing has two components: "the irreducible constitutional minimum" requirements and "prudential" considerations. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The elements of constitutional standing are:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision.

*Id*. at 560-61 (citations and internal quotations omitted). "Each element is 'an indispensable part of the plaintiff's case' and 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *CAMP Legal Defense Fund*, 451 F.3d 1257, 1269 (11th Cir. 2006)(quoting *Lujan*, 504 U.S. at 561). As this case is before the court on Motions for Summary Judgment, plaintiff must establish its standing by substantial evidence.

Recently, a number of courts, faced with litigation over sign ordinances, have found that sign-company plaintiffs have been unable to prove the redressability element of constitutional standing because, even if plaintiff invalidated the challenged portions of the

9

ordinances at issue, it would not be able to erect the desired signs. *Bill Salter Advertising, Inc. v. City of Brewton*, 486 F. Supp. 2d 1314, 1336-38 (S.D. Ala. 2007)(collecting cases); *see also Get Outdoors II v. City of San Diego*, 506 F.3d 886, 894 (9th Cir. 2007)(no standing because plaintiff did not show redressability; provisions on which applications denied were constitutional and did not show that it had the intent to file applications that complied with these provisions); *Midwest Media Property v. Symmes Township*, 503 F.3d 456, 463-64 (6th Cir. 2007)(plaintiff's injuries not redressable because valid "size and height restrictions . . . would preclude the Township from approving their sign applications and thus would preclude plaintiffs from erecting each of these signs); *Advantage Media v. City of Eden Prairie*, 456 F.3d 793, 801 (8th Cir. 2006)("In this case a favorable decision for Advantage even with respect to those sign code provisions which were factors in the denial of its permit applications would not allow it to build its proposed signs, for these would still violate other unchallenged provisions of the sign code like the restrictions on size, height, location, and setback.").

The court in *Bill Salter Advertising* stated the current state of the law as follows:

> As for [plaintiff's] remaining objections to sundry aspects of the Ordinance (*e.g.*, exemptions, lack of procedural safeguards, unfettered discretion to City officials), plaintiff's efforts to show standing to bring each of those claims are foreclosed by a recent line of precedent in this Circuit culminating in the newly decided *KH Outdoor, L.L.C. v. Clay County, Fla.*, 482 F.3d 1299 (11th Cir.2007) ("*Clay County*").
>
> In this formidable and burgeoning line of cases, courts have deemed the injury complained of not to be redressible for standing purposes because even if the plaintiff succeeded in showing the objected-to provisions of the

10

Ordinance to be unconstitutional, some other provision would preclude it from being able to erect billboards. *See Clay County*, at 1303-04 (concluding that any injury that billboard company actually suffered from challenged ordinance provisions is not redressible because plaintiff's applications failed to meet requirements of other statutes and regulations not challenged); *Coral Springs* [*Street Systems v. City of Sunrise*], 371 F.3d [1320,] 1343 [(11th Cir. 2004)](declining to review certain challenged provisions of a sign ordinance that are unrelated to the provisions actually responsible for the denial of the permit application, such that review of them would have utterly no impact on outcome of the case); *Tinsley Media, LLC v. Pickens County, GA*, 203 Fed. Appx. 268, 274 (11th Cir. 2006)("The injury, in this circumstance, is the prohibition of the intended form of expression of Tinsley Media, *i.e.*, the erection of advertising billboards. Tinsley Media fails to satisfy the "redressability" requirement of standing because, even if we declared unconstitutional one or more of the exemptions, the striking of those exemptions would not in any way benefit the proposed forms of expression of Tinsley Media . . . . The permitting requirements for billboards would remain."); *Granite State Outdoor Advertising, Inc. v. City of Fort Lauderdale*, 194 Fed. Appx. 754, 758 (11th Cir. 2006)("*City of Fort Lauderdale*")(finding that where outdoor advertiser was categorically prohibited from its activity of outdoor advertising, it lacked standing to challenge ordinance's restrictions on political signs and the ordinance's exemptions because advertiser's injury of being denied permits could not be redressed by striking these provisions from the ordinance as unconstitutional, such that there was no point in evaluating plaintiff's objections to those exemptions); [*Granite State Outdoor Advertising, Inc. v.*] *Cobb County*, 193 Fed. Appx. [900,] 906 [(11th Cir. 2006)(where ordinance categorically banned all off-premises outdoor advertising, plaintiff outdoor advertiser lacked standing to object to aspects of ordinance addressing temporary signs, exemptions, and the like because even if these provisions were declared unconstitutional, the ordinance would continue to prohibit off-premises outdoor advertising, which is the plaintiff's only intended activity, such that its injury would not be redressed by a favorable decision); *Lockridge* [*v. City of Oldsmar*, 475 F. Supp. 2d 1240,] 1249 (M.D. Fla. 2007)("Plaintiff has failed to show that he has standing to challenge the alleged lack of procedural safeguards because he has not alleged in his complaint or presented evidence that he intended to construct signs that would otherwise be permitted.").

A typical, representative exposition of the reasoning animating this substantial line of authority was set forth in *Advantage Advertising, LLC v.*

11

*City of Hoover, Ala.*, 200 Fed. Appx. 831 (11th Cir. 2006). Significantly, the *City of Hoover* ordinance included a provision banning off-premise billboards, which both the district court and the Eleventh Circuit concluded was not violative of the First Amendment. When the sign company attempted to challenge other ordinance provisions that allegedly granted unbridled discretion to city officials or constituted unconstitutional prior restraints of speech, the *City of Hoover* found no standing, reasoning as follows:

> "Although ADvantage challenged the lack of several procedural safeguards that allegedly grant unbridled discretion to city officials, . . . ADvantage was not subject to those provisions because off-premise signs are never permitted under the ordinance . . . . ADvantage did not allege in its complaint or present evidence that it intended to construct signs that might be permitted under the statute, which would subject ADvantage to the lack of procedural safeguards. ADvantage lacks standing to challenge the lack of procedural safeguards."

*City of Hoover*, 200 Fed. Appx. at 835. Similarly, in *City of Fort Lauderdale*, the Court reasoned that the sign company lacked standing to challenge the constitutionality of a sign ordinance's exemptions for flags, holiday decorations, and the like, inasmuch as "[t]he injury that Granite State suffered from being denied a permit under the categorical ban on billboards would not be redressed by a challenge to this provision . . . . Granite State was injured because it was not permitted to erect billboards . . . . If the exemptions that it challenges were struck from the statute as unconstitutional, Granite State still would not be able to erect a billboard." *City of Fort Lauderdale*, 194 Fed. Appx. at 758 (citations omitted).

The bottom line is this: [plaintiff] suffers an injury in that it cannot erect new off-premises billboards in the City of Brewton. Even if [it] could show a substantial likelihood of success on all of these other challenges to the Ordinance concerning its exemptions, unbridled discretion, and want of procedural safeguards, [plaintiff] would remain unable to erect new off-premises billboards in the City of Brewton because it has not shown a substantial likelihood of success on its claim that the prohibition on new off-premises billboards is unconstitutional. Accordingly, pursuant to the uniform line of Circuit authority addressing this precise issue, the Court finds that there would be no point in evaluating [plaintiff's] objections to these provisions, because any injury these provisions may be causing [plaintiff] is not redressible. *See Coral Springs*, 371 F.3d at 1349 (declining to decide

> constitutionality of remaining challenged portions of ordinance because declaring them unconstitutional "would not make a whit of difference to Coral Springs; it would not have a right to a sign permit whether these provisions . . . are valid or not"); *Harp Advertising Illinois, Inc., v. Village of Chicago Ridge, Ill*., 9 F.3d 1290, 1292 (7th Cir. 1993)("Harp suffers an injury (it can't erect the proposed billboard), but winning the case will not alter that situation.").

*Bill Salter Advertising, Inc.* 486 F. Supp. 2d at 1336-38.

In this case plaintiff submitted eight applications for sign permits. Each application requested a permit to erect a sign that was 672 square feet and 83 feet from the ground. These applications were for signs to be built on property adjacent to U.S. Highway 31. Each permit was denied based on §3.3(A) of the Ordinance requiring third-party billboard signs to be contiguous to the interstate right of way. (Doc. 73, Ex. 4 [citing Ordinance section 3.3(A)3]). As set forth above, the court finds that § 3.3(A) is constitutional.

Because plaintiff's applications were denied on the basis of a constitutional regulation of commercial speech, its injury – the denial of its application – would not be redressed by striking the other provisions its challenges.

Therefore, the court finds it has not shown a redressable injury and thus, it has no standing. Defendant's Motion for Summary Judgment is due to be granted and plaintiff's remaining claims will be dismissed based on its lack of standing.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant is entitled to judgment as a matter of law. An Order granting

defendant's Motion for Summary Judgment and denying plaintiff's Motion for Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 30th day of September, 2008.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE